**In the Matter of FOREMAN INDUSTRIES, INCORPORATED, Debtor(s).**

**FOREMAN INDUSTRIES, INCORPORATED, Plaintiff(s),**

v.

**The BODE-FINN COMPANY, Defendant(s).**

**Bankruptcy No. 3–81–03005. Adv. No. 3–83–0647.**

United States Bankruptcy Court, S.D. Ohio, W.D.

June 21, 1984.

Robert G. Leland, Pickrel, Schaeffer & Ebelin, Dayton, Ohio, for defendant, The Bode-Finn Co.

Thomas R. Noland, Altick & Corwin, Dayton, Ohio, for plaintiff, Foreman Industries, Inc.

## DECISION

ELLIS W. KERR, Bankruptcy Judge.

Plaintiff on November 10, 1983 filed "Memorandum in Opposition of Motion to Dismiss". In the first paragraph it is stated that at the Court Ordered Conference the Defendant raised the issue of whether this Court lacks subject matter jurisdiction and as such, such action was deemed to be a Motion to Dismiss. (This Judge was not present at that conference which had been set for Hearing with the Law Clerk to get settled, all possible preliminary matters as set out in a two page Order setting the Hearing.) Actually no such Motion filed. The memo filed thereafter by the Defendant did not object to this. Therefore, the Court will so consider it. From a practical standpoint it is not important. The issue is one of jurisdiction.

The memos cite *In Re White Motor Credit Corporation*, 23 B.R. 276 (N.D.Ohio 1982); *White Motors Corp. v. Citibank*,

704 F.2d 254 and *Rhodes v. Stewart,* 705 F.2d 159, (decided after *White.*)

Whether we agree or disagree with *White* or *Rhodes* these are Sixth Circuit Decisions we must follow. If there appears to be or there is a conflict in these two decisions we need not concern ourselves. A Southern District of Ohio Decision, dated May 15, 1984 by Judge Spiegel abides by *White.* We consider ourselves bound by that decision as we are by *Foreman v. G.M.A.C.* 34 B.R. 712 (S.D.D.C.Ohio 1983) (Page 5 of Noland's memo and page 8 of Defendant.

Having taken this position we deem it not only unnecessary, but inappropriate to burden this decision with analysis of the many cases cited by both Plaintiff and Defendant. We are indebted to these attorneys for very excellent and complete memos.

What is needed now is to establish a basis as simple as possible upon which to conduct further hearings or appeals as to be determined by the parties.

In the instant case, the Debtor In Possession is bringing suit against a creditor of the Debtor to determine if there were a preferential transfer. In *Kuempel* the Defendant was not previously a party to the Bankruptcy proceedings and rights under contract were in dispute. District Judge Spiegel held the Bankruptcy Judge has jurisdiction to submit findings, etc. to the District Judge.

We so find.

At the Indianapolis 500 the words, "Gentlemen, Start Your Engines" creates a thrill in the audience. We do not anticipate our words will create any thrill.

But "Gentlemen, Start Consideration" of whether:

1. Any party desires to appeal this decision, or

2. You desire to have the Bankruptcy Judge "submit findings, conclusions, and the proposed Judgment or Order to the District Judge, or

3. You desire to consent to Entry of the Judgment or Order by the Bankruptcy Judge.

ORDERED THAT the Bode-Finn "Motion to Dismiss" be and same is HEREBY overruled.

FURTHER ORDERED THAT the parties within fifteen (15) days from date notify this Court of which of the above mentioned three courses the party wishes to pursue.